[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PERMANENT INJUNCTION
The plaintiff in this action has sought an injunction against the use of facilities of the University of Connecticut Law School by employment recruiters who discriminate on the basis of sexual orientation. At the time this action was brought, the only employer which fell into that category was the U.S. Military. A temporary injunction was issued on October 14, 1992. The court incorporates herein by reference its findings and decision of that date. The plaintiff now seeks a permanent injunction.
At the time of the 1992 hearing, the Department of CT Page 6896 Defense stated its discriminatory employment policy in Department of Defense ("DOD") directives (See former Department of Defense Directives 1332.14 and 1332.30). Since then a federal law has been enacted (Section 571 of the National Defense Authorization Act for the Fiscal Year 1994.10 U.S.C. § 654), and new DOD directives have been issued. The court is thus asked to determine whether, under the new federal act and DOD directives, the military continues to discriminate based on sexual orientation. The court finds that it does.
Section 654 of the 10 U.S.C. provides in pertinent part as follows:
"(a) . . .
 (13) The prohibition against homosexual conduct is a long-standing element of military law that continues to be necessary in the unique circumstances of military service . . .
 (15) The presence in the armed forces of persons who demonstrate a propensity or intent to engage in homosexual acts would create an unacceptable risk to the high standards of morale, good order and discipline and unit cohesion that are the essence of military capability . . ."
 (b) Policy. — A member of the armed forces shall be separated from the armed forces under regulations prescribed by the Secretary of Defense if one or more of the following findings is made and approved in accordance with procedures set forth in such regulations.
 (1) That the member has engaged in, attempted to engage in, or solicited another to engage in a homosexual act or acts unless there are further findings, made and approved in accordance with procedures set forth in such regulations, that the member has demonstrated that —
(A) such conduct is a departure from CT Page 6897 the member's usual and customary behavior;
 (B) such conduct, under all the circumstances, is unlikely to recur;
 (C) such conduct was not accomplished by use of force, coercion, or intimidation;
 (D) under the particular circumstances of the case, the member's continued presence in the armed forces is consistent with the interests of the armed forces in proper discipline, good order, and morale; and
 (E) the member does not have a propensity or intent to engage in homosexual acts.
 (2) That the member has stated that he or she is a homosexual or bisexual, or words to that effect, unless there is a further finding, made and approved in accordance with procedures set forth in the regulations, that the member has demonstrated that he or she is not a person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.
 (3) That the member has married or attempted to marry a person known to be of the same biological sex.
"(f) Definitions. In this section:
 (1) The term "homosexual" means a person, regardless of sex, who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts, and includes the terms "gay" and "lesbian".
 (2) The term "bisexual" means a person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual and heterosexual acts.
(3) The term "homosexual act" means CT Page 6898
 (A) any bodily contact, actively under taken or passively permitted, between members of the same sex for the purpose of satisfying sexual desires; and (B) any bodily contact which a reasonable person would understand to demonstrate a propensity or intent to engage in an act described in subparagraph (A)."
Department of Defense Directive 1332.14, Section H provides in pertinent part:
"H. Homosexual Conduct
1. Basis
 a. Homosexual conduct is grounds for separation from the Military Services under the terms set forth in paragraph H.1.b., below. Homosexual conduct includes homosexual acts, a statement by a member that demonstrates a propensity or intent to engage in homosexual acts, or a homosexual marriage or attempted marriage. A statement by a member that demonstrates a propensity or intent to engage in homosexual acts is grounds for separation not because it reflects the member's sexual orientation, but because the statement indicates a likelihood that the member engages in or will engage in homosexual acts. A member's sexual orientation is considered a personal and private matter, and is not a bar to continued service under this section unless manifested by homosexual conduct in the manner described in paragraph H.1.b. . .
 b. A member shall be separated under this section if one or more of the following approved findings is made:
 (1) The member has engaged in, attempted to engage in, or solicited another to engage in homosexual act or acts, unless there are approved further findings that: CT Page 6899
 (a) Such acts are a departure from the member's usual and customary behavior;
 (b) Such acts under all the circumstances are unlikely to recur;
 (c) Such acts were not accomplished by use of force, coercion, or intimidation;
 (d) Under the particular circumstances of the case, the member's continued presence in the Armed Forces is consistent with the interest of the Armed Forces in proper discipline, good order, and morale; and
 (e) The member does not have a propensity or intent to engage in homosexual acts.
 (2) The member has made a statement that he or she is a homosexual or bisexual, or words to that effect, unless there is a further approved finding that the member has demonstrated that he or she is not a person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts. A statement by a Service member that he or she is a homosexual or bisexual, or words to that effect, creates a rebuttable presumption that the Service member engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts. The Service member shall be advised of this presumption and given the opportunity to rebut the presumption by presenting evidence demonstrating that he or she does not engage in, attempt to engage in, have a propensity to engage in, or intend to engage in homosexual acts. Propensity to engage in homosexual acts means more than an abstract preference or desire to engage in CT Page 6900 homosexual acts; it indicates a likelihood that a person engages in or will engage in homosexual acts. In determining whether a member has successfully rebutted the presumption that he or she engages in, attempts to engage in or has a propensity or intent to engage in homosexual acts, some or all of the following may be considered:
 (a) Whether the member has engaged in homosexual acts;
(b) The member's credibility;
 (c) Testimony from others about the member's past conduct, character, and credibility;
 (d) The nature and circumstances of the member's statement;
 (e) Any other evidence relevant to whether the member is likely to engage in homosexual acts.
 (This list is not exhaustive; any other relevant evidence may also be considered.)
 (3) The member has married or attempted to marry a person known to be of the same biological sex (as evidenced by the external anatomy of the persons involved)."
In light of the above, the court finds that the military continues to discriminate based on sexual orientation. Clearly, if a person makes a statement that he or she is a homosexual, there will be a presumption that he or she demonstrates a propensity to engage in homosexual acts. Although that presumption is rebuttable, the burden is then put upon the person who makes the statement to prove otherwise. Certainly, lesbians and gay men are treated quite differently from heterosexuals solely on the basis of their sexual orientation.
The evidence has established plaintiff's claims that CT Page 6901 defendants' provision of assistance and facilities to military employers violates the Gay Rights Act and General Statutes § 10a-149a.
Accordingly, the court grants a permanent injunction barring defendants from permitting any organization (including the military) that discriminates on the basis of sexual orientation from having on-campus employment recruiting facilities or other employment services of the University of Connecticut Law School and its Office of Career Services.